# PD-0822-15

NO. _____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS


**Allen Fitzgerald Calton, Appellant**

**v.**

**The State of Texas, Appellee**

**\*\*\*\*\*\*\*\*\*\*\*\*\***

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

FROM THE COURT OF APPEALS

SECOND APPELLATE DISTRICT OF TEXAS

FORT WORTH, TEXAS


NO. 02-14-00158-CR

TARRANT COUNTY

TRIAL COURT NO. 0843168D

RECEIVED IN
COURT OF CRIMINAL APPEALS

July 2, 2015

ABEL ACOSTA, CLERK

R. Scott Walker

STATE BAR # 24004972

222 W. Exchange Avenue

Fort Worth, TX 76164

(817) 478-9999

(817) 977-0163 FACSIMILE

scott@lawyerwalker.com

Attorney for Appellant

**<u>Oral Argument Not Requested</u>**

1

## IDENTITY OF TRIAL JUDGE, PARTIES, AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel.

| | |
|---|---|
| Trial Judge: | HONORABLE LOUIS STURNS |
| Appellant | ALLEN FITZGERALD CALTON |
| Trial Counsel | PRO SE DEFENDANT |
| Appellate Attorney for Appellant | R. Scott Walker Attorney at Law 222 W. Exchange Avenue Fort Worth, Texas 76164 |
| Appellee | The State of Texas |
| Trial Attorney for Appellee | David Hagerman & Charles Brandenberg Tarrant County Assistant District Attorneys 401 W. Belknap, Fort Worth, Texas 76196 |
| Appellate Attorney for Appellee | Sharen Wilson Tarrant County District Attorney 401 W. Belknap, Fort Worth, Texas 76196 |

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . .  2

TABLE OF CONTENTS . . . . . . . . . . . . . . . .  3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . .  4

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . .  4

STATEMENT OF THE CASE . . . . . . . . . . . . . .  5

STATEMENT OF PROCEDURAL HISTORY OF THE CASE. . .  6

QUESTION PRESENTED . . . . . . . . . . . . . . . .  6

ARGUMENT (THE TRIAL COURT ERRED IN DENYING

MOTION FOR DNA TESTING) . . . . . . . . . . . . .  6

PRAYER . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . 15

APPENDIX. . . . . . . . . . . . . . . . . . . . . 16

# INDEX OF AUTHORITIES

## CASES

*Bell v. State,*
    90 S.W.3d 301 (Tex.Crim.App. 2002) . . . . . .  6

*Rivera v. State,*
    89 S.W.3d 55 (Tex.Crim.App.2002). . . . . . . 6

## STATUTES

*Texas Code of Crim. Proc. Ann.,*
    Art. 64.03(a)B(c. . . . . . . . . . . . . . . 6, 7

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument of this case is hereby waived on behalf of Appellant.

## STATEMENT OF THE CASE

This appeal has resulted from a criminal prosecution for attempted murder. On May 10, 2004, Appellant, Allen Calton, pled not guilty to the second degree offense. (R.R., Vol. 2, p. 3). On May 19, 2004, after evidence was presented, the jury found Calton guilty. The Jury found true to both habitual offender notices. Then the jury set punishment at confinement for life. (C.R., Vol.6 p.1193).

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE

The Court of Appeals rendered its decision and delivered its written non-published memorandum opinion on June 25, 2015. The deadline for filing a Petition for Discretionary Review is July 25, 2015.

## QUESTION PRESENTED

Whether the trial judge erred in denying the Defendant's motion for DNA testing.

## ARGUMENT

**APPLICABLE LAW:** A bifurcated standard of review is used to examine whether a trial court's decision to

5

deny a motion for postconviction DNA testing should be overturned. Rivera v. State, 89 S.W.3d 55,59 (Tex.Crim.App. 2002). The Appeals Court is to afford almost total deference to the trial court's determination of historical facts and the application of law to those fact issues that turn on credibility and demeanor. (Id.) The Appeals Court is to review de novo the ultimate question of whether the trial court was required to grant a motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. (Id.) The legislative history of Chapter 64 indicates that a convicted person must demonstrate to the trial court that a reasonable probability exists that DNA tests would prove his or her innocence. Bell v. State, 90 S.W.3d 301, 306 (Tex.Crim.App. 2002).

A trial court must order testing only if the statutory preconditions are met. (Id). Those conditions include (1) The trial court finds that the evidence still exists and is in a condition to make DNA testing possible, that the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect, and that the identity was or is an issue in the case; and (2) the convicted person establishes

6

beyond a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing and that the request for the proposed DNA testing is not made to unreasonably delay execution of sentence or administration of justice. (Tex.Code Crim.Proc.Ann. Art.64.03(a)B(c)).

## Analysis

The State has conceded that evidence exists that can be tested, including a cutting from the front seat of Defendant's car, a slipper, and blood samples from both Defendant and the victim. (Attachment D of State's Reply to Pro Se Defendant's [Second] Motion for DNA Testing Pursuant to TCCP 64.01). The State has not alleged that there is any chain of custody problems. The trial judge that denied the motion for testing is not the same judge that presided over the trial in 2004. Because of the fact that the trial judge adopted the prosecution's findings of fact and conclusions of law, it would appear that the trial judge did not review the voluminous record of the 2004 trial. Therefore, the only issue in this proceeding should be reviewed de novo. That issue is, of course, whether the trial court was required to grant the

7

motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.

A reasonable probability exists that the Defendant would have been found notguilty at trial had the evidence been tested using methods that are available today. The State will argue that the Defendant did not contest identity at trial, but rather argued that he did not have the mental ability to knowingly or intentionally shoot the victim. This argument fails to take in consideration that Allen Calton, the Defendant, represented himself at trial and used the above trial strategy only after knowing there was no DNA results on the evidence in question here. Prior to trial, Allen Calton insisted that there was another person in the vehicle with him that fired the shots. Three days after the shooting, Allen Calton signed a sworn statement for police. The statement was that on the day in question the victim reached into Allen's car with a knife and tried to cut the passenger, a man named Mike, and that Mike shot the victim in self-defense. (R.R. Vol. 12, State's Exhibit 33). If DNA evidence had matched Mike, Allen Calton would have most assuredly abandoned the idea of an automatism defense and continued his

8

identity defense that he was using only three days after the shooting.

State's Exhibit 33 certainly makes it clear that identity was at issue. Exhibit 33 was in evidence and clearly indicated that Mike, and not Allen Calton, was the shooter. The State's argument that identity was not at issue should not be sustained.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Allen Fitzgerald Calton, Appellant, prays that the case be reversed or for whatever other relief he has shown himself entitled.

Respectfully Submitted,

s/Scott Walker

_____
By: Scott Walker
Attorney for Appellant
222 W. Exchange Avenue
Fort Worth, Texas 76164
(817) 478-9999
(817) 977-0163 FAX
scott@lawyerwalker.com
State Bar No. 24004972

**CERTIFICATE OF SERVICE**

A copy of this petition was served by first class mail to the Office of Criminal District Attorney, Tarrant County Courthouse, 401 W. Belknap, Fort Worth, Texas 76196 and to the State Prosecuting Attorney at P.O. Box 12405, Austin, Texas 78711 on the 3rd day of July, 2015.

s/Scott Walker

R. Scott Walker

**CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the length requirements as set forth by the Texas Rules of Appellate Procedure in that this document contains 1,357 words, and that the document is in 14 point type.

s/Scott Walker

R. Scott Walker

# APPENDIX